UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANCES M. DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-1597 NAB |
| ) | |
| NANCY A. BERRYHILL[1], ) | |
| Deputy Commissioner of Operations, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Frances M. Dixon's application for disability insurance benefits and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. §§ 416, 423 *et seq.* Dixon alleged disability due to the effects of car accidents, total blindness in the left eye, fractured bone on the left side of the face, loss of hearing in the left ear, and chronic severe headaches. (Tr. 181.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 10.]

In this case, Dixon asserts that the administrative law judge's (ALJ) residual functional capacity (RFC) determination is not supported by substantial evidence and the Commissioner contends that the RFC is supported by substantial evidence and should be affirmed. For the following reasons, the Court will affirm the ALJ's decision.

---

[1] At the time this case was filed, Carolyn W. Colvin was the Acting Commissioner of Social Security. As of November 2017, Nancy A. Berryhill became the Deputy Commissioner of Operations, operating as the Commissioner of Social Security while the position is vacant. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Nancy A. Berryhill for Carolyn W. Colvin in this matter.

**I.	Standard of Review**

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's Residual Functional Capacity ("RFC") to perform past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003).

**II.     Discussion**

Dixon contends that the ALJ's decision is not supported by substantial evidence for the following reasons: (1) the RFC is not based on any medical opinion, (2) the ALJ only relied on the claimant's testimony rather than medical evidence regarding her limitations, (3) the ALJ failed to cite to medical evidence in support of the RFC limitations, and (4) the RFC is conclusory. The ALJ found that Dixon had the severe impairments of history of fracture of the left zygomatic arch and compression deformity at the T11 vertebrae, degenerative disc disease at C4-C5 and C5-C6; left eye blindness; prolonged median and ulnar motor latencies bilaterally;

obesity; and depressive disorder. (Tr. 15.) The ALJ determined Dixon had the RFC to perform light work[2] with numerous additional limitations. (Tr. 17.) Her further exertional limitations included lifting and carrying ten pounds frequently and twenty pounds occasionally. (Tr. 17.) She could sit, stand, and walk for six hours out of an eight hour workday, however she could only sit for one hour at a time. After one hour of sitting, she requires an option to change position and/or sit or stand at the workstation without time off task or loss of productivity. She can only stand and walk for fifteen minutes at a time each. After fifteen minutes of standing and/or walking, she requires the option to change position, sit, or stand at the workstation without time off task or loss of productivity. She can frequently use hand/arm controls and foot/leg controls, feel, finger, handle objects, reach, and reach overhead. She may never climb ladders, ropes, or scaffolding, but may frequently climb ramps and stairs. She can only occasionally balance and stoop but may never kneel, crouch, or crawl. She can only occasionally bend. She must avoid concentrated exposure to chemicals, fumes, dust, dander, and mold. She must avoid all exposure to unprotected heights, hazardous machinery, and industrial vibrations. She is limited to simple, repetitive, unskilled tasks, and may only frequently interact with the public, supervisors, and coworkers. She will be off-task eight percent of the workday with an eight percent loss of productivity. She could be expected to take full use of two standard fifteen minute breaks and a thirty minute lunch period. In addition, she would miss one day per month because of anxiety and panic.

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b).

related activities on a regular and continuing basis.[3] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians, and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. A RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d at 907. "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. §§ 404.1527(b), 416.927(b)[4]; *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009). The presence of a medical disability or the requirement for treatment for a disability alone does not make a person disabled. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) ("That a claimant has medically-documented impairments does not perforce result in a finding of disability.")

Based on a careful review of the record, the Court finds that the ALJ's RFC determination is supported by substantial evidence for the following reasons. First, the ALJ is not required to have a medical opinion that exactly matches the RFC determination. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). There is no requirement, however, that a RFC finding be supported by a specific medical opinion. *Hensley*, 829 F.3d at 932 (RFC affirmed without medical opinion evidence); *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (same); *Perks v.*

---

[3] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.
[4] Many Social Security regulations were amended effective March 27, 2017. Per 20 C.F.R. §§ 416.325, 416.927, the court will use the regulations in effect at the time that this claim was filed.

5

*Astrue*, 687 F.3d 1086, 1092-93 (8th Cir. 2012) (same). "In the absence of medical opinion evidence, medical records prepared by the most relevant treating physicians can provide affirmative medical evidence supporting the ALJ's residual functional capacity findings." *Hensley*, 829 F.3d at 932 (citing *Johnson v. Astrue*, 628 F.3d 991, 995 (8th Cir. 2001)). If the medical record is adequately developed, the ALJ is not required to seek additional information or order a consultative examination. *Hensley*, 829 F.3d at 932 (citing *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 372-73 (8th Cir. 2016)).

Second, as stated above, the RFC is not based solely on medical evidence. It is based on all of the evidence in the record, including the claimant's own testimony at the administrative hearing. *Pearsall*, 274 F.3d at 1217. Dixon complains that the ALJ had no medical evidence to support the limitations even though the ALJ cited Dixon's testimony and the medical record in explaining the RFC limitations. The Court has not seen a case where the claimant complains that the ALJ credited the claimant's own testimony about her limitations, especially when there is no medical evidence to contradict her testimony. For example, the ALJ included the option to change positions based on Dixon's testimony that she could only sit for one hour or stand for fifteen minutes before it is painful and she needs to change positions. (Tr. 41.) The ALJ is not required to cite to every piece of evidence in the medical record. *Hensley*, 829 F.3d at 932 (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). The ALJ is also allowed to make reasonable inferences from the medical record.

Finally, the ALJ specifically discussed the medical evidence that Dixon now contends demonstrates greater limitations than contained in the RFC. The ALJ specifically discussed Dixon's headaches stating:

> The undersigned has considered the medical evidence documenting complaints of chronic headaches. (Ex. 1F/23

and 3F/3). However, the objective evidence fails to document the persistence of these headaches for a period of twelve or more months after the alleged onset date. Further, there are no medical source statements in evidence suggesting the claimant's headaches more than minimally limit her ability to perform basic work functions.

(Tr. 15.) The ALJ also discussed Dixon's hearing loss and left eye blindness and the RFC restrictions that were included to address those impairments. (Tr. 15-16, 19.) The ALJ also specifically addresses Dixon's degenerative disease and his analysis of how the RFC limitations address it. (Tr. 16, 18-20.) Specifically the ALJ writes:

> To begin with, the claimant's alleged need to be reduced to sedentary work lacks objective support. There is no evidence establishing degenerative conditions of the spine or lower extremities that would support the claimant's alleged inability to tolerate prolonged standing or walking. Further, the claimant's own testimony shows that she can walk 100 feet at one time before needing to rest.
>
> The diagnostic imaging in evidence does reveal some degeneration in the cervical and thoracic regions of the spine that could reasonably cause pain, postural restrictions, and manipulative limitations. (*See* Exs. 1F/36, 42, 61 and 5F/27, 29). The evidence also indicates some prolonged median and ulnar motor latencies bilaterally that could result in further manipulative limitations. (Ex. 5F/19). There are also physical examination notes in evidence documenting subjective complaints of pain with range of motion testing. (*See* Exs. 5F/10, 12, 15, 23, 25 and 7F/5, 9).

(Tr. 19.) The ALJ then discussed Dixon's conservative treatment with Dr. George Mekhijan. (Tr. 19-20).

Further, the ALJ stated: "While this evidence does not support reducing the claimant to sedentary work, it does support a need for restrictions in reaching overhead, climbing ramps/stairs, bending, balancing, and stooping, and working around hazards and industrial vibrations." (Tr. 20.) The ALJ also explained in detail the testimonial and other evidence

7

regarding how he evaluated the RFC limitations related to activities of daily living, social functioning, and concentration, persistence, or pace. (Tr. 20-21.)

Dixon also asserts that the ALJ did not consider whether she could perform activities on a regular and continuing basis. Dixon does not identify any evidence that the ALJ failed to consider nor does she specify how the ALJ's assessment was unrealistic. *See Hensley*, 829 F.3d at 933 (citing *Juszczyk v. Astrue*, 542 F.3d 626, 633 (8th Cir. 2008)). The ALJ in this case completed an exhaustive review of the evidence as demonstrated by the ALJ's detailed and thorough opinion. The Court finds that the ALJ engaged in a realistic assessment of Dixon's abilities.

Based on the foregoing, the Court finds that the ALJ properly considered the objective medical evidence, Dixon's testimony, and the observations of her treating physicians. The RFC determination is supported by substantial evidence in the record as a whole and Dixon has not met her burden to establish a more restrictive RFC determination.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 18.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 29th day of March, 2018.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE